## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REMEDY INTELLIGENT STAFFING, LLC, ) ) Plaintiff, ) ) v. ) ) ENVIRONMENTAL OPERATIONS, INC. ) ) Serve :  ROBERT J. GOLTERMAN ) 600 Washington Avenue Suite 2500 ) St. Louis, MO 63101 ) ) Defendant. ) | Case no. |

## COMPLAINT

COMES NOW Plaintiff Remedy Intelligent Staffing, LLC, by and through its undersigned counsel, and for its Complaint against Defendant Environmental Operations, Inc., states to the Court as follows:

## THE PARTIES

1. Plaintiff Remedy Intelligent Staffing, LLC ("Remedy") is a California limited liability company with its principal place of business in Atlanta, Georgia.

2. Defendant Environmental Operations, Inc. ("EOI") is a Missouri corporation with its principal place of business in St. Louis City, Missouri.

## JURISDICTION

3. The relief sought by Plaintiff herein exceeds $75,000.

4. Plaintiff's sole member is EB Franchise Holdings, LLC, which is a Delaware limited liability company.

5. EB Franchise Holdings, LLC is a wholly-owned subsidiary of EmployBridge, LLC, a California limited liability company.

6. EmployBridge, LLC is a wholly-owned subsidiary of EmployBridge Holding Company, a Delaware corporation.

7. As such, ultimately, the sole member of Plaintiff is a Delaware corporation.

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

## VENUE

9. Defendant's principal place of business is located in this judicial district.

10. Plaintiff's cause of action accrued in and the debt sued upon arose in this judicial district.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1) and (2).

## FACTS COMMON TO ALL COUNTS

12. Remedy, through its franchisee operators, is a nationwide professional staffing organization.

13. EOI is engaged in the specialized environmental services business which requires a significant amount of human labor resources to operate.

14. EOI's principal place of business is an office located at 1530 South Second St. in St. Louis City, Missouri.

15. Remedy and EOI entered into a Service Letter agreement ("Agreement") on January 31, 2018 wherein Remedy agreed to provide temporary staffing services to EOI for the two-year period ending on January 31, 2020 in exchange for the payment of money. The Agreement was amended relative to workers compensation issues on February 20, 2018. A true and correct copy of the Agreement and its Amendment is affixed hereto as Exhibit 1.

16. Remedy provided the required staffing services and otherwise performed all of its obligations pursuant to the Agreement.

17. Remedy provided invoices to EOI on a weekly basis.

18. Pursuant to the terms of the Agreement, EOI reviewed and approve all time worked by Remedy's employees on behalf of EOI.

19. EOI initially paid the sums due and owing to Remedy pursuant to the Agreement.

20. Beginning in mid-August 2019, EOI became delinquent on its account.

21. EOI advised Remedy that EOI was experiencing unspecified business hardships, but that Remedy was not to worry because EOI would ensure Remedy would be paid in full.

22. Remedy continued to provide services to EOI for which Remedy submitted weekly invoices to EOI.

23. By the end of 2019, Remedy became concerned the growing balance due to it from EOI would not be paid.

24. Remedy issued EOI a demand for payment of all unpaid invoices by letter dated December 30, 2019.

25. The unpaid invoices are weekly invoices issued by Remedy from July 15, 2019 (due August 14, 2019) through November 18, 2019 (due December 18, 2019). Remedy has attached hereto as Exhibit 2 a spreadsheet summarizing the unpaid invoices.

26. The principal amount due pursuant to these invoices is $218,234.18 and that amount remains unpaid. The invoices themselves have been previously provided to EOI.

## COUNT 1 – BREACH OF CONTRACT

27. Remedy incorporates by reference the allegations of all paragraphs above as if fully set forth herein.

28. As more fully detailed above, Remedy entered into the Agreement with EOI for the provision of temporary staffing services at a price certain.

29. Plaintiff provided the agreed services.

30. Plaintiff has performed all conditions precedent to enforcing the Agreement.

3

31. Defendant has not paid Plaintiff for the services rendered pursuant to the contract.

32. Defendant has thereby materially breached the contract.

33. As a direct and proximate cause of Defendant's breach, Plaintiff has been damaged in the principal amount of $218,234.18.

34. Plaintiff is entitled to charge late fees for Defendant's non-payment.

WHEREFORE, Plaintiff prays for judgment against Defendant Environmental Operations, Inc. in the principal amount of $218,234.18 together with reasonable late fees of 1.5% per month, pre-judgment interest at the statutory rate in Missouri, costs expended herein, and such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT 2 – ACCOUNT STATED

35. Plaintiff incorporates by reference the allegations of all paragraphs set forth above.

36. Plaintiff provided temporary staffing services to Defendant at Defendant's request.

37. Defendant accepted and appreciated the benefit of the services from Plaintiff.

38. Defendant agreed to pay for the services it received from Plaintiff.

39. Plaintiff invoiced Defendant for the services it received from Plaintiff.

40. The invoices accurately reflect the balance Defendant agreed to pay Plaintiff for temporary staffing services.

41. The charges set forth in the invoices are reasonable.

42. As a result of prior financial dealings, Plaintiff has delivered a statement of account between Plaintiff and Defendant.

43. A true and correct copy of the statement of account is attached hereto as Exhibit 2.

44. Exhibit 2 is an accurate statement of the Defendant's account with Plaintiff.

45. Defendant has retained the invoices and statement of account for a reasonable period of time without making any objection thereto, acquiescing in or assenting to the correctness of the account reflected by the invoices.

46. In fact, Defendant has acknowledged its debt obligation to Plaintiff as recently as March 2020.

47. Accordingly, an account stated exists between Plaintiff and Defendant.

48. As a result, Defendant has agreed to pay Plaintiff the sum of $218,234.18 together with interest.

49. Plaintiff has made demand upon Defendant for payment.

50. Defendant has failed and refused to pay the sums due to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Environmental Operations, Inc. in the principal amount of $218,234.18, plus statutory interest and costs expended herein and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT 3 – QUANTUM MERUIT

51. Plaintiff incorporates by reference the allegations of all paragraphs set forth above.

52. Plaintiff provided temporary staffing services to Defendant at Defendant's request.

53. Defendant accepted and appreciated the benefit of the services from Plaintiff.

54. The reasonable value of the unpaid services provided by Plaintiff is $218,234.18.

55. Plaintiff has made demand upon Defendant for payment of the value of the services rendered.

56. Under principles of equity, permitting Defendant to retain the benefit of the

unpaid services without payment would be unjust.

WHEREFORE, Plaintiff prays for judgment against Defendant in the principal amount of $218,234.18, plus statutory interest and costs expended herein and for such other and further relief as the Court may deem just and proper under the circumstances.

                KODNER WATKINS L.C.


                By:   /s/ Michael D. Schwade
                  MICHAEL D. SCHWADE, #60862
                  Attorney for Plaintiff
                  7733 Forsyth Blvd, Suite 600
                  St. Louis, Missouri 63105
                  (314) 727-9111
                  (314) 727-9110 Facsimile
                  E-mail: mschwade@kwklaw.net